# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 8, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RICHARD R. BERNARD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-76V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for petitioner.
Robert P. Coleman III, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 17, 2017, Richard R. Bernard ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of two Hepatitis B vaccinations received on March 15, 2016, and April 16, 2016, he suffered injuries including myositis, with residual effects lasting more than six months. On July 25, 2017, respondent filed a status report indicating that he was contesting entitlement. (ECF No. 15). At the undersigned's direction, petitioner filed an expert report from a neurologist on November 22, 2017. (ECF No. 20). Respondent filed a responsive expert report from a different rheumatologist, as well as a report pursuant to Vaccine Rule 4(c) recommending against compensation, on February 9, 2018. (ECF Nos. 29, 30).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the decision. Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 7, 2018, I conducted a status conference pursuant to Rule 5. I discussed that respondent and his expert disputed that petitioner had myositis. Petitioner's experts, who offered the diagnosis of myositis, would need to further address the nature of the injury. I also stated that if the case proceeded on the litigation track, petitioner would likely need to obtain a neuromuscular specialist's opinion. I directed the parties to discuss the possibility of informal resolution and then propose how to proceed. See Scheduling Order (ECF No. 31).

On April 25, 2018, pursuant to Vaccine Rule 21(a)(1)(B), the parties filed a joint stipulation providing that the matter should be dismissed. Joint Stipulation (ECF No. 34). Accordingly, pursuant to Vaccine Rule 21(a)(3), I issued an Order Concluding Proceedings. The case was dismissed without prejudice and judgment did not enter. (ECF No. 35).

Also on April 25, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion ("Pet. Mot.") (ECF No. 33). The motion requests $20,168.00 in attorneys' fees and $12,708.72 for attorneys' costs, for a total request of $32.876.22. Id. The motion provides that, petitioner did not incur any fees or costs related to the prosecution of this petition, in accordance with General Order #9. Id.

On April 26, 2018, respondent filed a response to the motion for attorneys' fees and costs. Respondent's Response (ECF No. 36). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully requests that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Later on April 26, 2018, petitioner filed a reply, providing that he concurs with respondent's recommendation that I should exercise my discretion and determine a reasonable award for attorneys' fees and costs. Pet. Reply (ECF No. 37). On May 7, 2018, at my direction, petitioner filed a second reply providing documentation for the requested attorneys' costs. (ECF No. 39). Thus, this matter is now ripe for adjudication.

Even when a petitioner does not establish entitlement, he may be awarded reasonable attorneys' fees and costs so long as the petition was brought in good faith and it carried a reasonable basis. 42 U.S.C. §§ 300aa-15(e). Based on the medical evidence and expert report submitted in support of the petition and the lack of objection from respondent, the petition was brought in good faith and carried a reasonable basis as far as it was pursued. Thus, petitioner is eligible for an award of reasonable attorneys' fees and costs.

Here, petitioner requests $350 per hour for work performed by Ms. Meyers in 2016 – 2017. Pet. Mot., Tab 1 at 2. He also requests $145 per hour for work performed by paralegals. Id. These rates are within the range of applicable hourly rates first presented in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) and updated for subsequent years by the Office of Special Masters.[3]  I and other special

---

[3] See United States Court of Federal Claims, Office of Special Masters – Attorneys' Forum Hourly Rate Schedules, available at http://www.uscfc.uscourts.gov/node/2914.

2

masters have previously found these rates to be reasonable. See, e.g., Brown v. Sec'y of Health & Human Servs., No. 16-1547V, 2017 WL 5080737 (Fed. Cl. Spec. Mstr. Oct. 11, 2017); Smith v. Sec'y of Health & Human Servs., No. 16-1282V, 2017 WL 1398569 (Fed. Cl. Spec. Mstr. March 21, 2017). Ms. Meyers requests an increased rate of $375.00 per hour for work performed in 2018. This rate is still within the applicable McCulloch category. Based on my review of her work and her increased experience, I find that it is reasonable. Therefore, it will also be awarded.

I have also reviewed the billing records and invoices submitted in support of petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing the task. The expenses incurred are generally well-documented. Based on my experience and review, they appear reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $32,876.22, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Nancy R. Meyers of Ward Black Law.**[4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.